UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JERIEL ALEXANDER

                              Plaintiff,                    **ORDER**

      -against-                               22-cv-9557 (AEK)

THE STOP AND SHOP SUPERMARKET
COMPANY, LLC,

                              Defendant.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      At a telephonic status conference held on October 17, 2024, the Court ordered as follows:

    (1) Plaintiff must communicate a settlement demand to Defendant's counsel by no later than **Monday, October 21, 2024**, and Defendant's counsel must respond with a settlement offer promptly thereafter. By **October 31, 2024**, Defendant must file a letter regarding whether or not the parties are interested in having the matter referred either to another Magistrate Judge or to the SDNY Mediation Program for a settlement conference.

    (2) By **October 31, 2024**, Plaintiff must file a letter stating whether or not he is interested in obtaining the appointment of *pro bono* counsel; the letter must also include as an attachment any proof Plaintiff has that he provided notice of his New York Civil Rights Act claim to the New York Attorney General's Office.

    (3) By **November 14, 2024**, Defendant may file a response regarding Plaintiff's proof that he provided notice of his New York Civil Rights Act claim to the New York Attorney General's Office.

      During the conference, the Court also scheduled the trial in this matter for the week of **March 17, 2025**. The trial is expected to be completed by March 21, 2025.

      The parties' pretrial submissions are to be made in accordance with the "Pretrial Procedures" set forth in Section 6 of the undersigned's Individual Practices (attached hereto). The schedule for these submissions is as follows:

(1) The Joint Pretrial Order, the proposed requests to charge, the proposed *voir dire* questions, and the proposed verdict form—all of which are to be prepared jointly—are to be filed by **January 29, 2025**.

(2) By **January 29, 2025**, each party must provide the other party and the Court with a tabbed binder or binders containing courtesy copies of its trial exhibits and deposition designations. The exhibits need not be filed electronically on ECF.

(3) Any motions *in limine* are to be filed by **January 29, 2025**.

(4) Responses to any motions *in limine* are to be filed by **February 12, 2025**.

A final pretrial conference in this matter will take place in person on **March 6, 2025 at 10:00 a.m.** in Courtroom 250 at the federal courthouse in White Plains, 300 Quarropas Street, White Plains, NY 10601.

Dated: October 17, 2024
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

2

October 23, 2020

# INDIVIDUAL PRACTICES OF
# MAGISTRATE JUDGE ANDREW E. KRAUSE

Civil cases come before magistrate judges in one of two ways: for one or more specific purposes pursuant to an order of reference by the assigned district judge, or, on consent of the parties, for all purposes pursuant to 28 U.S.C. § 636(c).  When a district judge approves an all-purposes consent form signed by counsel and/or *pro se* parties, the magistrate judge assumes the role of the district judge and may conduct all proceedings.  The right to a jury trial is preserved, and any appeal is directly to the Court of Appeals.

It is the uniform practice of the magistrate judges in the Southern District of New York to schedule trials in civil consent cases for firm dates, rather than requiring counsel to be available for trial on short notice.  Additionally, because magistrate judges rarely try criminal cases, such firm trial dates are unlikely to be changed to accommodate criminal trials.  Should the parties wish to consent to have Judge Krause hear their case for all purposes, the necessary form is available at https://nysd.uscourts.gov/hon-andrew-e-krause.

Unless otherwise ordered by Judge Krause, matters before him shall be conducted in accordance with the following practices.[1]  These practices are applicable to cases before Judge Krause if the matter is within the scope of the district judge's order of reference or if the case is before Judge Krause for all purposes pursuant to 28 U.S.C. § 636(c).  Otherwise, the practices of the district judge to whom the case is assigned apply.

Nothing in Judge Krause's Individual Practices supersedes a specific time period for filing a motion specified by statute or Federal Rule where failure to comply with the specified time period could result in forfeiture of a substantive right.

**1.    Communications with Chambers**

   A.    **Letters.**  Except as otherwise provided below, communications with the Court must be by letter and filed on ECF, without e-mail or other copy to the Court.  Letters may not exceed five pages, exclusive of exhibits, which should be kept to a minimum.  Any letter containing sensitive or confidential information that a party does not wish to appear on the docket must follow the procedures outlined in Section 5, below.  Copies of correspondence between counsel or parties must not be filed or sent to the Court, except as exhibits to an otherwise properly filed document.

---

[1] Requests for reasonable accommodations on account of disability with respect to these rules may be sent by e-mail to KrauseNYSDChambers@nysd.uscourts.gov.

B. **Telephone Calls.** Telephone calls to chambers are permitted. The main chambers telephone number is (914) 390-4070. For docketing, scheduling, and calendaring matters, call Courtroom Deputy Salihah Brown at (914) 390-4062 between 9:00 a.m. and 5:00 p.m.

C. **Faxes and E-mails.** Faxes and e-mails are not permitted without prior approval. If approval is granted, a fax may not exceed five pages. Copies of faxed or e-mailed submissions must be simultaneously sent to other counsel and/or *pro se* parties. The Court's e-mail address is KrauseNYSDChambers@nysd.uscourts.gov.

D. **Requests for Adjournments or Extensions of Time.** Any request for an adjournment of a court proceeding or for an extension of time for a deadline must be made in writing and filed on ECF as a letter motion, after consultation with all affected parties. The letter motion must state: (1) the original date of the proceeding or deadline; (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reason for the present request; (5) whether all affected parties consent, and if not, the reasons given by the party or parties for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order must be attached. Absent an emergency, a request for adjournment of a court proceeding must be made at least 48 hours in advance of the proceeding to be adjourned, and must include at least two proposed dates on which all counsel are available for the adjourned proceeding.

E. *Pro Se* **Parties.** All letters, motions, memoranda, and other communications to the Court from *pro se* parties that are not filed electronically must be submitted to the Pro Se Intake Unit, *not directly to chambers*.

   1. Non-incarcerated *pro se* parties who have an e-mail address and wish to <u>receive</u> case-related documents (including court orders) quickly, automatically, and electronically, may consent to electronic service by filing a Pro Se (Nonprisoner) Consent & Registration Form to Receive Documents Electronically, available from the Pro Se Intake Unit or at http://nysd.uscourts.gov/node/845.

   2. Non-incarcerated *pro se* parties who have an e-mail address and wish to <u>receive, serve, and file</u> case-related documents electronically may request permission to do so by filing a Motion for Permission for Electronic Case Filing, available from the Pro Se Intake Unit or at http://nysd.uscourts.gov/node/844.

2.  **Discovery Matters**

    A.  **Raising Discovery Disputes.**  For discovery motions, follow Local Civil Rule 37.2, which requires the moving party to request an informal conference with the Court before the filing of any such motion.  Strict adherence to Rule 37(a)(1) of the Federal Rules of Civil Procedure is required.  The parties should be prepared to describe the time, place, and duration of their efforts to resolve the dispute.  The parties must also carefully review and comply with the specific requirements set forth in the Court's discovery orders in their specific cases.

    B.  **Confidentiality Stipulations and Protective Orders.**  In cases where confidential information will be exchanged, the parties must use Judge Krause's model Confidentiality Stipulation and Proposed Protective Order.  The parties may apply for a protective order that differs from the model by submitting a letter via ECF and attaching the proposed order, showing in a blackline comparison how the proposed order differs from the Court's model.  The letter must explain why the modifications are needed and note any disagreements between the parties regarding the modifications from the Court's model.

3.  **Motions**

    A.  **Pre-Motion Conferences.**  For motions other than discovery motions, a pre-motion conference is not required.  A party may request a pre-motion conference by letter motion where counsel believes that an informal conference with the Court may obviate the need for the motion or limit the scope of issues in dispute.

    B.  **Briefing Schedule on Formal (Non-Discovery) Motions.**  Unless the Court has ordered otherwise, opposition and reply papers for formal (non-discovery) motions are due in accordance with Local Civil Rule 6.1.  The parties are strongly encouraged to agree on a reasonable briefing schedule before the moving papers are filed.  If the parties have agreed to such a schedule, they must request the Court's approval of their proposed schedule by letter motion.

    C.  **Memoranda of Law.**  Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages.  Memoranda of 10 pages or more must contain a table of contents and a table of authorities.  The typeface, margins, and spacing of motion papers must conform to Local Civil Rule 11.1.

    D.  **Courtesy Copies.**  Courtesy copies of all formal (non-discovery) motion papers, marked as such, must be submitted to chambers promptly after filing.  For those parties permitted to file documents on ECF, courtesy copies must bear the ECF header generated at the time of electronic filing and include protruding tabs for any exhibits.

    E.  **Filing of Motion Papers.** Motion papers must be filed promptly after service.

    F.    **Oral Argument on Motions.**  Parties may request oral argument by letter at the time their motion papers are filed.  The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date and time.

    G.    **Motions in *Pro Se* Cases.**  As required by Local Civil Rule 7.2, counsel must provide a *pro se* litigant with printed copies of cases and other authorities cited in any submission that are unpublished or reported exclusively on computerized databases.  Where a party moves for summary judgment against a *pro se* litigant, the party must also comply with the notice requirements of Local Civil Rule 56.2.  Where a party moves to dismiss or for judgment on the pleadings against a *pro se* litigant and refers to matters outside the pleadings, the party must comply with the notice requirements of Local Civil Rule 12.1.

**4.**    **Settlement Conferences**

For cases referred to Judge Krause for settlement conferences, the Court will issue specific instructions for pre-conference submissions in a separate order.

**5.**    **Electronic Filing Under Seal**

    A.    **Sealing/Redactions Not Requiring Court Approval.**  Rule 5.2 of the Federal Rules of Civil Procedure describes sensitive information that must be redacted from public court filings without seeking prior permission from the Court.  Parties also should consult Rules 21.3 and 21.4 of the ECF Rules & Instructions.

    B.    **Sealing/Redaction Requiring Court Approval.**  Motions or letter motions for approval of sealed or redacted filings in civil and miscellaneous cases and the subject documents, including the proposed sealed document(s), must be filed electronically through the ECF system in conformity with the Court's standing order, 19-mc-583, and Section 6 of the ECF Rules & Instructions.

        The motion must be filed in public view, must explain the particular reasons for seeking to file that information under seal, and should not include confidential information sought to be filed under seal.  Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal.

        The proposed sealed document must be contemporaneously filed under seal in the ECF system and electronically related to the motion.  The summary docket text, but not the sealed document, will be open to public inspection and should not include confidential information sought to be filed under seal.

Where the motion seeks approval to redact information from a document that is to be publicly filed, the filing party must: (a) publicly file the document with the proposed redactions, and (b) electronically file under seal a copy of the unredacted document with the proposed redactions highlighted.  Both documents must be electronically filed through the ECF system and related to the motion.

Any party unable to comply with the requirement for electronic filing under seal through the ECF system, or who has reason to believe that a particular document should not be electronically filed, must move for leave of the Court to file in the traditional manner, on paper.

Unredacted courtesy copies of all documents to be filed under seal must be sent to chambers at the time the motion is filed.

**6.** **Pretrial Procedures**

    **A.** **Applicability.**  The procedures set forth in this section apply only to cases in which the parties have consented pursuant to 28 U.S.C. § 636(c) to have all proceedings, including trial, occur before Judge Krause.

    **B.** **Joint Pretrial Order.**  Unless otherwise ordered by the Court, the parties must submit a proposed Joint Pretrial Order to the Court for approval within 30 days after the date for the completion of discovery, or, if a summary judgment motion has been filed, within 30 days after the decision on the motion.  The proposed Joint Pretrial Order must be signed by all parties and include the following:

        1.    The full caption of the action.

        2.    The names, addresses, telephone numbers (both office and mobile), and e-mail addresses of each principal member of the trial team.

        3.    A brief statement by plaintiff (or, in a removed case, by defendant) as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.  Such statements must include citations to all statutes relied on and relevant facts pertaining to citizenship and jurisdictional amount.

        4.    A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, including citations to all statutes relied on, but without recital of evidentiary matter.

        5.    With respect to each claim remaining to be tried, a brief statement listing each element or category of damages sought with respect to such claim and a calculation of the amount of damages sought with respect to such element or category.

6. A statement by each party as to whether the case is to be tried with or without a jury, and the anticipated number of trial days needed. If there is to be a jury trial, the parties must indicate whether they agree to a non-unanimous verdict pursuant to Rule 48 of the Federal Rules of Civil Procedure.

7. Any stipulations or agreed to statements of fact or law.

8. A statement by each party as to the witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition, and briefly stating the topic(s) as to which the witness will testify. If any party anticipates any issue with the availability of a witness, that issue must be identified. Absent extraordinary circumstances, a party may not call as a witness in its case in chief any person not listed in the Joint Pretrial Order.

9. A designation by each party of deposition testimony to be offered in that party's case in chief, referencing page and line numbers, with any cross-designations and objections by any other party. For each designation as to which there is an objection, the party objecting must briefly specify the nature of the objection (*e.g.*, "hearsay," "Rule 403"). Any objection or cross-designation not listed shall be deemed waived.

10. A list by each party of exhibits to be offered in its case in chief. Each exhibit must be pre-marked (plaintiff to use numbers, defendant to use letters). For each exhibit as to which there is an objection, the party objecting must briefly specify the nature of the objection (*e.g.*, "authenticity," "hearsay," "Rule 403"). Any objection not listed shall be deemed waived. Absent extraordinary circumstances, a party may not offer in its case in chief any exhibit not listed in the Joint Pretrial Order.

11. A proposed schedule by which the parties will exchange demonstrative exhibits that the parties intend to use at trial, notify each other of any objections thereto, consult with each other regarding those objections and notify the Court of any remaining disputes.

    **C.**    **Filings Prior to Trial.**  Unless otherwise ordered by the Court, the following must be filed at the same time as the proposed Joint Pretrial Order:

1. In jury cases, parties must <u>jointly</u> prepare and file three separate documents: (a) proposed requests to charge; (b) proposed *voir dire* questions to be asked of prospective jurors; and (c) a proposed verdict form.  To the extent a party objects to another party's requests to charge, *voir dire* questions, or verdict form, the joint submission must include the objecting party's ground(s) for objection and proposed alternative (all in the same document so that the Court can compare the parties' respective proposals).  All requests to charge, objections, and alternatives must include citations to controlling authority.  In addition to filing these three joint submissions on ECF, the parties must send copies in Microsoft Word format to the Court via e-mail to KrauseNYSDChambers@nysd.uscourts.gov.

2. In non-jury cases, parties must file proposed findings of fact and conclusions of law.  In addition to filing this submission on ECF, the parties must send copies in Microsoft Word format to the Court via e-mail to KrauseNYSDChambers@nysd.uscourts.gov.

3. In all cases, any motions addressing evidentiary or other issues which should be resolved *in limine* also must be filed at the same time as the proposed Joint Pretrial Order.  Responses to any motions *in limine* must be filed within 14 days.  There shall be no replies for motions *in limine*.

    Each party also must provide each other party and the Court with a tabbed binder or binders containing courtesy copies of its trial exhibits and deposition designations (exhibits need not be filed electronically on ECF).

    If a party believes it would be useful, that party may file a pretrial memorandum of law that does not duplicate the issues addressed in any of the other pretrial submissions; pretrial memoranda are limited to 25 pages.

**7.**    **Inclement Weather or Other Emergency**

White Plains Courthouse delays or closures are announced by 6:00 am.  Call (914) 390-4220 to hear a recorded message.  In the event of severe weather conditions when the Courthouse is open, counsel with scheduled appearances should call chambers to confirm that Judge Krause is holding court.