UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JERIEL ALEXANDER

                         Plaintiff,                      **ORDER GRANTING APPLICATION FOR**
            -against-                      ***PRO BONO* COUNSEL**

THE STOP AND SHOP SUPERMARKET          22-cv-9557 (AEK)
COMPANY, LLC,

                        Defendant.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

       The Court issued an order on November 4, 2024, denying without prejudice Plaintiff's application for the appointment of *pro bono* counsel, subject to Plaintiff filing an application to proceed in this action *in forma pauperis* ("IFP") and having that application granted. ECF No. 114. In accordance with the Court's order, Plaintiff filed his application to proceed IFP on November 19, 2024. ECF No. 116. The Court has granted that application, ECF No. 118, and now considers Plaintiff's application for the appointment of *pro bono* counsel.

       Courts consider a number of factors in deciding whether to grant an application for the appointment of *pro bono* counsel. The litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. Since Plaintiff's IFP application has been granted, he has adequately demonstrated that he is indigent. The Court next considers the factors set forth by the Second Circuit in *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). These include whether the plaintiff's claim "seems likely to be of substance"; the plaintiff's ability and efforts to obtain counsel; and the plaintiff's ability to handle the case

without the assistance of counsel. *Id.* at 61-62; *see also Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

With respect to the merits of Plaintiff's claims, Plaintiff has succeeded in litigating this case through the completion of all discovery and summary judgment motions; with the Court having denied Defendant's motion for summary judgment in certain respects, the remaining claims plainly are sufficiently substantial to proceed to trial. While Plaintiff has not made efforts to obtain counsel, the Court finds that Plaintiff would benefit from the assistance of counsel to present his claims at trial. In sum, the Court finds that taken as a whole, the *Hodge* factors weigh in favor of granting Plaintiff's application.

Accordingly, Plaintiff's application for the appointment of *pro bono* counsel is GRANTED. The Court advises Plaintiff that there are no funds to retain counsel in civil cases, and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff directly. Plaintiff is also advised that there is no guarantee that a volunteer attorney will decide to take the case, and Plaintiff should therefore be prepared to proceed with the case without an attorney.

Dated: November 20, 2024
       White Plains, New York

                                      **SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge